UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80002-CV-COHN

REVELEX CORPORATION, a Florida
corporation,

Magistrate Judge Snow

    Plaintiff,

vs.

WORLD TRAVEL HOLDINGS, INC., a Delaware
corporation and NATIONAL LEISURE GROUP, INC.
a Delaware corporation,

    Defendants.
_____/

## ORDER GRANTING EMERGENCY MOTION
## FOR A TEMPORARY RESTRAINING ORDER

THIS CAUSE is before the Court upon Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order, Motion for Preliminary Injunction, Expedited Discovery and Other Relief [DE 3, filed January 3, 2007 at 10:41am in Miami]. The Court has carefully considered the motion, attached exhibits, and Declaration of David Goodis [DE 6], and has considered the argument of counsel at an ex-parte hearing on January 4, 2007, and is otherwise fully advised in the premises.

### I. BACKGROUND

Revelex Corporation ("Revelex" or "Plaintiff") filed this diversity action for breach of the confidentiality and non-compete provisions of a license agreement between itself and Defendant World Travel, as well as claims for tortious interference under Florida law. On October 31, 2005, Plaintiff had entered into a License Agreement with World Travel to provide Defendant with Plaintiff's proprietary software for travel distribution

that enables travel agencies and travel suppliers to sell travel products online. See Exhibit 1 to Affidavit of James Horvath at Exhibit A to Motion (hereinafter, "Agreement"). The Agreement contains confidentiality, limited-use, and non-compete provisions. While the Agreement was in force, World Travel took over National Leisure Group ("NLG"), a direct competitor of Plaintiff in July, 2006.

According to the Horvath affidavit, on December 4, 2006, a World Travel website (Cruise411.com) stopped using Plaintiff's booking engine and began using NLG's competing software version. However, the NLG version contained enhancements previously available only by accessing Plaintiff's confidential, trade-secret information. Plaintiff accuses World Travel of allowing Plaintiff's competitor access to confidential information that the License Agreement forbids. Plaintiff also accuses Defendants of reverse-engineering Plaintiff's proprietary information in an attempt to gain permanent access to the information.

In the Goodis declaration filed this afternoon just prior to the Court hearing, Plaintiff alleges that in two telephone conferences held in the last week between Plaintiff's CEO, David Goodis, and World Travel's Co-CEO, Bradley Tolkin, Tolkin essentially acknowledged that World Travel was violating the License Agreement and refused to further discuss the matter. When Plaintiff's CEO stated that he had no other option then to file a lawsuit, Tolkin allegedly agreed that Plaintiff would have to do so but would not due to the cost of litigation. Goodis Declaration, ¶ 6.

## II. DISCUSSION

In order to obtain a restraining order at this time, Plaintiff must establish the following four elements: (1) a substantial likelihood that the plaintiffs will prevail on the merits; (2) a substantial threat that plaintiffs will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to plaintiffs outweighs the threatened harm the injunction may do to the defendant; and (4) granting the preliminary injunction will not disserve the public interest.  Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir.1994).

Plaintiff alleges that it is suffering immediate and irreparable harm both to its current business and to all of its future business.  Plaintiff seeks a temporary restraining order under the License Agreement (§ 14) to enjoin Defendants from using, disclosing or transmitting Plaintiff's confidential information to any third party or competitor or otherwise using such information for purposes not allowed under the Agreement.

Plaintiff has put forth evidence in the sworn declaration of David Goodis that World Travel is now seeking to bid for business from United Airlines, a Revelex customer.  Goodis Declaration, ¶ 5.  In addition, Plaintiff has put forth evidence that Defendants have utilized Plaintiff's proprietary "multiple product promotion" technology on their website.  Exhibit 3 to Horvath Affidavit (last page).

Plaintiff has met its burden of showing a substantial threat that it will suffer irreparable injury.  In addition, Plaintiff has made a showing that it merely seeks to return World Travel's business to the status quo, before any violations of the License

Agreement allegedly took place. Thus, the threatened injury to Plaintiff outweighs the threatened harm the injunction may do to the Defendants.

As to the issue of substantial likelihood of success on the merits, Plaintiff has put forth sworn testimony of an admission of liability by Defendant World Travel. In addition, as described above, Plaintiff has put forth evidence from Defendants' website of improper use of Plaintiff's technology in violation of the License Agreement.

Finally, the Court concludes that granting of this restraining order does not disserve the public interest, as the public will still have access to the travel products at issue.

In addition to the four requirements for an injunction, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, to obtain an ex parte temporary restraining order, a party must show: 1) immediate and irreparable harm from specific facts by affidavit; and 2) "the reasons supporting the claim that notice should not be required." The first requirement is met as explained above by the affidavit of James Horvath and the Declaration of David Goodis. The second requirement has been met by the Goodis' declaration's description of the comments of World Travel's Tolkin, in which notice was essentially given that a lawsuit may be necessary, and Tolkin's alleged response.

### III. CONCLUSION

The Court concludes that all requirements for entry of a temporary restraining order, as discussed above, have been met by Plaintiff in this case. The Court finds good cause that unless immediately restrained and enjoined, the Defendants will continue to disclose the confidential information of the Plaintiff.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order [DE 3-1] is hereby **GRANTED;**

2. Defendants, their subsidiaries, directors, officers, agents, escrow agents, trustees, servants, employees, attorneys, accountants and those persons acting in concern or participation with them, and each of them are hereby restrained and enjoined from:

    A. Disclosing any of the Licensed Services (as the term is defined in the License Agreement) together with all architecture, algorithms, models, processes, techniques, user interfaces, database design and architecture, and other "know-how" embodied therein, as well as all negotiations between Customer and Licensor (as those terms are defined in the License Agreement) with respect to the Agreement, the terms, conditions and other provisions of the Agreement and any information disclosed by third parties to Licensor which is required to be kept confidential by Licensor (collectively, the "Confidential Information");

    B. Using, disclosing or otherwise make available or allow to be used, disclosed or made available the Confidential Information of the Plaintiff by or to any third party (except as authorized herein and other than the receiving party's officers, directors, agents, employees, accountants and attorneys);

3. Defendants, their subsidiaries, directors, officers, agents, escrow agents,

trustees, servants, employees, attorneys, accountants and those persons acting in concern or participation with them, shall also maintain the confidentiality of the Plaintiff's Confidential Information as it would its own most highly confidential information but in no event shall the receiving party use less due care and attention;

4. Defendants, their subsidiaries, directors, officers, agents, escrow agents, trustees, servants, employees, attorneys, accountants and those persons acting in concern or participation with them, are hereby restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to Defendants or Plaintiff, whereever located and in any paper or electronic media, until further Order of this Court;

5. Immediately upon entry of this Order, the parties may, with regard to the issues of Defendants' disclosing Confidential Information, duplicating or allowing others to duplicate the Licensed Services, and/or competing with Revelex, take depositions upon oral examination (either in person or telephonically) of parties and non-parties subject to 48 hour notice (business day hours);

6. The parties may also engage in other forms of discovery, however, responses to other forms of discovery are likely not to be returned prior to the preliminary injunction hearing;

7. A preliminary injunction hearing is hereby set for Friday, January 12, 2007 at 1:30pm in Courtroom 203E of the United States Courthouse, 299 E. Broward Blvd., Fort Lauderdale, Florida. Argument and/or testimony may be presented;

8. Plaintiff shall immediately serve this TRO and all filings in the case upon Defendants and any known counsel for Defendants;

9. All filings in this case shall be done electronically, subject to the Administrative Procedures of the Southern District of Florida. See www.flsd.uscourts.gov.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of January, 2007 at 5:10 pm

JAMES I. COHN
United States District Judge

Copies furnished to:

Daniel Newman, Esq.